<small>Form 149</small>

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

In re:

**Joann M. Barkley**
Debtor(s)

Bankruptcy Case No.: 16–20840–CMB
Issued Per Sep. 29, 2016 Proceeding
Chapter: 13
Docket No.: 30 – 5, 23
Concil. Conf.: at

**ORDER OF COURT CONFIRMING PLAN AS MODIFIED
AND SETTING DEADLINES FOR CERTAIN ACTIONS**

*(1.) PLAN CONFIRMATION:*

IT IS HEREBY ORDERED that upon consent of the Debtor(s), the Chapter 13 Plan dated March 8, 2016 is CONFIRMED as modified at the Plan confirmation hearing. Terms of the Plan not expressly modified by this Order remain in full force and effect. A copy of this Plan was previously mailed to you. *Only those provisions which are checked below apply to this case:*

☒ A.   For the remainder of the Plan term, the periodic Plan payment is amended to be $956 as of October 2016. Debtor(s)' counsel shall file a motion to amend the income attachment order within seven (7) days of the date of this Order.

☐ B.   The length of the Plan is increased to a total of months. This statement of duration of the Plan is an approximation. The Plan shall not be completed until the goals of the Plan have been achieved. The total length of the Plan shall not exceed sixty (60) months.

☐ C.   Plan confirmation is on an interim basis only as a form of adequate protection. The Trustee is authorized to distribute to secured and priority creditors with percentage fees. *A final plan conciliation conference will be held on at , in .* If the Parties cannot resolve all disputes at the conciliation conference, a hearing will be scheduled and orally announced at the conclusion of the conference without any further written notice to any party. Parties are directed to monitor the Court's docket and read the Chapter 13 Trustee's minutes of the conciliation conference to the extent such parties desire more information regarding the outcome of the conciliation conference.

☐ D.   Plan confirmation is subject to the resolution of all actions to determine the avoidability, priority, or extent of liens; including determination of the allowed amount of secured claims under *11 U.S.C. §506*, disputes over the amount and allowance of claims entitled to priority under *11 U.S.C. §507*, and all objections to claims.

☐ E.   The allowed claims of general unsecured creditors shall be paid from available funds on a pro rata basis, which may represent an increase or decrease in the amount projected in the Plan.

☐ F.    shall be paid monthly payments of $ beginning with the Trustee's distribution and continuing for the duration of the plan term, to be applied by that creditor to it's administrative claim, budget payments and/or security deposit. These payments shall be at the third distribution level.

☒ G.   The claims of the following creditors shall govern as to amount, classification and rate of interest (or as otherwise noted), unless the Debtor(s) successfully objects to the claim: Regional Acceptance Corp. at Claim No. 2. I.R.S. at Claim No. 3. Borough of Carnegie sewage fees at Claim No. 4 .

☒ H.    Additional Terms: No payments are due to U.S. Department of Housing and Urban Development at Claim No. 1 during the plan term.

*(2.)*   *IT IS FURTHER ORDERED THAT THE FOLLOWING DEADLINES ARE ESTABLISHED:*

**A.**   **Objections to the Plan.** Pursuant to *Fed.R.Bankr.P. 2002(b)*, this Order shall not become final for a period of twenty−eight (28) days. Any party in interest with an objection to any provision of this Confirmation Order must file a written objection within that twenty−eight (28) day period. Failure to timely object shall be deemed a waiver of all objections and an acceptance of the provisions of this confirmed Plan. The Trustee may disburse funds pursuant to this confirmation order upon it's entry.

**B.**   **Applications to retain brokers, sales agents, or other professionals.** If the Plan contemplates sales of assets or litigation proceeds as a source of funding, Debtor(s) shall file motion(s) to employ the necessary professionals within thirty (30) days hereof.

**C.**   **Review of Claims Docket and Objections to Claims.** Pursuant to *W.PA.LBR 3021−1(c)(2)*, the Debtor or Debtor's attorney, if represented, shall review the proofs of claim filed and shall file objections to any disputed claims within ninety (90) days after the claims bar date or, for late filed or amended claims, within ninety (90) days after they are filed and served. Absent an objection, the proof of claim will govern as to the classification and amount of the claim. Objections filed after the ninety (90) days specified herein shall be deemed untimely.

**D.**   **Motions or Complaints Pursuant to §§506, 507 or 522.** All actions to determine the priority, avoidability, or extent of liens, all actions pursuant to *11 U.S.C. §§506, 507 and 522* shall be filed within ninety (90) days after the claims bar date.

**E.**   **Filing Amended Plans.** Within fourteen (14) days after the Bankruptcy Court resolves the priority, avoidability, or extent of a lien, or any objection to claim, the Debtor(s) shall file an amended Plan to provide for the allowed amount of the claim if the allowed amount differs from the amount stated in the plan. Debtor(s) shall also file an amended Plan within thirty (30) days after the claims bar date(s) in the event that no objection is filed and the claim(s) as filed causes the Plan to be underfunded.

*(3.)*  **IT IS FURTHER ORDERED THAT:**

**A.**  After the claims objection deadline, the Plan shall be deemed amended to conform to the claims filed or otherwise allowed. If the Plan expressly modified the terms of payment to any creditor pursuant to *11 U.S.C. §1322(b)(2)*, nothing in this Order shall be construed to change the payment terms established in the Plan.

**B.**  Any creditor who files or amends a proof of claim shall serve a copy on the Debtor(s) or counsel for the Debtor(s).

**C.**  Any creditor whose payment changes due to variable interest rates, change in escrow, or change in monthly payments, shall notify the Trustee, Debtor(s)' counsel and Debtor(s) at least twenty–one (21) days prior to the change taking effect.

**D.**  Debtor's counsel must file a fee application in accordance with *W.PA.LBR 2016–1* before attorney fees in excess of the "no look" provision (including retainer) will be allowed or paid.

**E.**  The Trustee shall file a *Certificate of Default and Request for Dismissal* of the case in the event of a material Plan default. If the default involves failure to make a plan payment the case will result in dismissal without further hearing upon filing and service of an *Affidavit of Default* by the Trustee. The Trustee is not precluded from raising pre–confirmation defaults in any subsequent motion to dismiss.

**F.**  In the event that any order is entered in this case granting relief from the automatic stay to a secured creditor, then the Trustee shall make no further disbursements to any creditor on account of any *secured claim* that is secured by the subject property, unless directed otherwise by further Order of Court.

Dated: October 3, 2016

Carlota M. Böhm, Judge
United States Bankruptcy Court

cc:  All Parties in Interest to be served by Clerk in seven (7) days

United States Bankruptcy Court
Western District of Pennsylvania

In re:                                                                    Case No. 16-20840-CMB
Joann M. Barkley                                                          Chapter 13
        Debtor

# CERTIFICATE OF NOTICE

District/off: 0315-2         User: jhel              Page 1 of 2            Date Rcvd: Oct 03, 2016
                             Form ID: 149            Total Noticed: 25

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 05, 2016.
```
db            +Joann M. Barkley,    436 Morrow Avenue,    Carnegie, PA 15106-2069
cr            +Peoples Natural Gas Company, LLC,    Attn: Dawn Lindner,    225 North Shore Drive,
                Pittsburgh, PA 15212-5861
14192991       American Water,    P.O. Box 371412,    Pittsburgh, PA 15250-7412
14192993      +Bank of America,    100 North Tyron Street,    Charlotte, NC 28255-0001
14192994      +Bell Froman Orsini & Assoc,    301 Ohio River Boulevard,    Suite 202,    Sewickley, PA 15143-1300
14216797      +Borough of Carnegie,    c/o Goehring Rutter & Boehm,    437 Grant Street, 14th Floor,
                Pittsburgh, PA 15219-6101
14192995       Carnegie Borough Sewage,    One Western Way,    Carnegie, PA 15106
14192996      +Comcast,    PO Box 3002,    Southeastern, PA 19398-3002
14192999       DRS Sauer & Leibensperger, F.P., P.C.,    27 Heckel Road, Suite 107,
                Mc Kees Rocks, PA 15136-1672
14193000      +Duquesne Light,    Po Box 67,    Pittsburgh, PA 15267-0067
14193001      +EOS CCA,    P.O. Box 981008,    Boston, MA 02298-1008
14193002       First Fed Credit Control,    2470 Chargin Boulevard,    Suite 205,    Brook Park, OH 44142
14193004       Peoples Gas,    PO Box 644760,    Pittsburgh, PA 15264-4760
14251042      +Peoples Natural Gas Company, LLC,    Equitable Division,    225 North Shore Drive,
                Pittsburgh, PA 15212,    Attention: Dawn Lindner 15212-5860
14193006       Stellar Recovery Inc.,    1327 Highway 2W,    Suite 100,    Kalispell, MT 59901-3413
14196982      +U.S. Department of Housing and Urban Development,    451 7th Street S.W.,
                Washington, DC 20410-0002
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
14192992       E-mail/Text: g20956@att.com Oct 04 2016 05:08:51      AT&T Mobility,    P. O. Box 6463,
                Carol Stream, IL 60197-6463
14192997      +E-mail/Text: hariasdiaz@creditmanagementcompany.com Oct 04 2016 05:08:46      Credit Management,
                2121 Noblestown Road,    Pittsburgh, PA 15205-3956
14192998      +E-mail/Text: hariasdiaz@creditmanagementcompany.com Oct 04 2016 05:08:46
                Credit Management Company,    PO Box 16346,    2121 Noblestown Road,    Pittsburgh, PA 15205-3956
14257610      +E-mail/Text: DQENOTICES@BERNSTEINLAW.COM Oct 04 2016 05:09:05      Duquesne Light Company,
                c/o Peter J. Ashcroft,,    Bernstein-Burkley, P.C.,,    707 Grant St., Suite 2200, Gulf Tower,,
                Pittsburgh, PA 15219-1945
14193003       E-mail/Text: cio.bncmail@irs.gov Oct 04 2016 05:08:02      Internal Revenue Service,
                PO Box 80101,    Cincinnati, OH 45280
14221022      +E-mail/Text: csc.bankruptcy@amwater.com Oct 04 2016 05:09:02      Pennsylvania American Water,
                PO Box 578,    Alton, IL 62002-0578
14193005      +E-mail/PDF: RACBANKRUPTCY@BBANDT.COM Oct 04 2016 04:49:01      Regional Acceptance,
                1424 East Fire Tower,    Greenville, NC 27858-4105
14197202       E-mail/PDF: RACBANKRUPTCY@BBANDT.COM Oct 04 2016 04:49:01      Regional Acceptance Corporation,
                PO Box 1847,    Wilson, NC 27894-1847
14193007       E-mail/Text: hariasdiaz@creditmanagementcompany.com Oct 04 2016 05:08:46
                Western PA Anestesia Associates,    c/o Credit Management Company,    2121 Noblestown Road,
                Pittsburgh, PA 15205-3956
                                                                                              TOTAL: 9
```

```
              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr              BANK OF AMERICA, N.A.
cr              Borough of Carnegie
cr              Duquesne Light Company
                                                                                   TOTALS: 3, * 0, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 05, 2016                                         Signature:  /s/Joseph Speetjens

```
District/off: 0315-2          User: jhel                Page 2 of 2           Date Rcvd: Oct 03, 2016
                              Form ID: 149              Total Noticed: 25
```

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on October 3, 2016 at the address(es) listed below:
              Andrew F Gornall    on behalf of Creditor    BANK OF AMERICA, N.A. agornall@goldbecklaw.com,
               bkgroup@goldbecklaw.com;bkgroup@kmllawgroup.com
              Jeffrey R. Hunt    on behalf of Creditor    Borough of Carnegie jhunt@grblaw.com,
               cnoroski@grblaw.com
              Lauren M. Lamb    on behalf of Debtor Joann M. Barkley
               julie.steidl@steidl-steinberg.com;courtdocs.sands@gmail.com;leslie.nebel@steidl-steinberg.com;dam
               brose@steidl-steinberg.com;cgoga@steidl-steinberg.com
              Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
              Peter J. Ashcroft    on behalf of Creditor    Duquesne Light Company pashcroft@bernsteinlaw.com,
               ckutch@ecf.courtdrive.com;pashcroft@ecf.courtdrive.com;pghecf@bernsteinlaw.com;cabbott@ecf.courtd
               rive.com
              Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com
              S. James Wallace    on behalf of Creditor    Peoples Natural Gas Company, LLC sjw@sjwpgh.com,
               Equitablebankruptcy@peoples-gas.com;srk@sjwpgh.com
                                                                                               TOTAL: 7
```